IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RUBEN GUERRERO,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-11-CA-1073-SS |
| | § | |
| **RICK THALER,** | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss as Moot (Document 10); Petitioner's response (Document 13); and Petitioner's supplement (Document 14). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I. STATEMENT OF THE CASE**

Petitioner challenges his judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in cause number 0985593. Petitioner was charged with driving while intoxicated,

enhanced by two previous DWI convictions, to which he entered a plea of not guilty. A jury, however, found Petitioner guilty of the charged offense and found the two enhancement paragraphs true. On June 23, 1999, Petitioner was sentenced to four years incarceration.

Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on August 31, 2000. Guerrero v. State, No. 03-99-00609-CR (Tex. App. – Austin Aug. 31, 2000, pet. ref'd). Petitioner's petition for discretionary review was refused on November 8, 2000. In re Guerrero, No. PD-1699-00 (Tex. Crim. App. Nov. 8, 2000). Petitioner did not file a petition for writ of certiorari.

Petitioner also challenged his conviction in a state application for habeas corpus relief. The application was filed on June 13, 2011. Ex parte Guerrero, Appl. No. 76,230-04 at 29. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on November 30, 2011. Id. at cover.

According to Respondent, Petitioner discharged his sentence on February 17, 2003. Respondent moves to dismiss Petitioner's application as moot and time-barred.

## II.   DISCUSSION AND ANALYSIS

### A.   Jurisdiction

Federal habeas corpus relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925 (1989). At the time he filed his federal application, Petitioner had discharged his four-year sentence for driving while intoxicated. Therefore, he cannot bring a federal habeas petition directed solely at that charge. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001)

("Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions").

Although Petitioner was not in custody pursuant to his conviction in Cause No. 985593, he was in custody pursuant to his 2010 conviction for assault family violence in Cause No. D-1-DC-09-3007840 out of the 147th Judicial District Court of Travis County, Texas. A petitioner meets the jurisdictional "in custody" requirement if the habeas petition could be construed as asserting a challenge to the sentence presently being served as enhanced by the prior conviction, for which the petitioner is no longer in custody. Williams v. Dretke, No. 05-20303, 2006 WL 707135 at *1 (5th Cir. Mar. 21, 2006) (citing Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001)). " '[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration." Id. (quoting Sinclair v. Blackburn, 599 F.2d 673, 676 (5th Cir. 1979)).

Petitioner alleges his 1999 conviction was unlawfully used to enhance his 2010 conviction for assault family violence. Accordingly, the Court should construe Petitioner's application as a challenge to his 2010 conviction. However, Petitioner has not included all of his challenges to his 2010 conviction in this application. The Court should not consider the merits of Petitioner's claim here, as any subsequent application for habeas corpus relief challenging Petitioner's later conviction would be barred. See 28 U.S.C. § 2244(b). Instead, the Court should dismiss Petitioner's application without prejudice to refiling his claims in his application challenging his 2010 conviction.

B.   **Statute of Limitations**

Although it is not included in the title of his motion, Respondent also moves to dismiss Petitioner's application as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If Petitioner were allowed to directly challenge his 1999 conviction, his application would indeed be time-barred. Petitioner's conviction became final, at the latest, on February 6, 2001, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying

4

discretionary review."). Petitioner did not execute his federal application until December 9, 2011, nearly ten years after the expiration of the limitations period. Petitioner's state application did not operate to toll the limitations period, because it was filed on June 13, 2011, after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

However, Petitioner's federal application should be construed as a challenge to his 2010 conviction. Petitioner's challenge to his 2010 conviction would not be time-barred. Petitioner's 2010 conviction was affirmed on June 3, 2011. Guerrero v. State, No. 03-10-00218-CR, 2011 WL 2176825 (Tex. App. – Austin 2011, no pet.). Petitioner does not appear to have filed a petition for discretionary review. Therefore, his conviction only became final on or about July 3, 2011. Petitioner also challenged his conviction in two state applications for habeas corpus relief. The first was dismissed, because mandate had not yet issued with regard to his direct appeal. Ex parte Guerrero, Appl. No. 76,230-01. The second was recently denied on May 9, 2012, without written order on the findings of the trial court without a hearing. Ex parte Guerrero, Appl. No. 76,230-08. Accordingly, the limitations period has not yet expired with regard to Petitioner's 2010 conviction, and Petitioner's federal application should not be dismissed as time-barred.

### III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss as Moot [#10], which includes a request to dismiss as time-barred, be denied. It is further recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice to refiling in an application for habeas corpus relief challenging his 2010 conviction for assault family violence.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE